### FINLAYSON v. BARROWS et al.†

### In re JEFFERSON COUNTY SUMATRA TOBACCO CO.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1915.)

### No. 2719.

APPEAL AND ERROR ⊂⊃1011—REVIEW—QUESTIONS OF FACT.

　　Where, though the testimony was conflicting, there was positive and direct evidence that money advanced by stockholders in a corporation which subsequently became bankrupt was a loan to the corporation, to be repaid with interest, and not merely a voluntary assessment upon the stock for the purpose of relieving the company of financial embarrassment, the finding of a special master that there was a loan of the money, and that the claims against the corporation on account of such loans were entitled to allowance in bankruptcy, was entitled to every reason-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Rehearing denied April 28, 1915.

able presumption in its favor, and should not be set aside or modified, unless it clearly appeared that there was error or mistake on the part of the special master.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. ☞1011.]

Pardee, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

In the matter of the Jefferson County Sumatra Tobacco Company, bankrupt. From an order confirming a report of a special master allowing the claims of H. A. Barrows and others, Daniel A. Finlayson appeals. Affirmed.

Fred T. Myers, of Tallahassee, Fla., for appellant.
T. L. Clarke, of Monticello, Fla., for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The appellant, Finlayson, complains of the order of the court below, approving the claims of M. T. Barrows, D. J. Gilbert, and George C. Bishop against the bankrupt estate of the Jefferson County Sumatra Tobacco Company. The report of the special master, confirmed by the court, concludes as follows:

"I again find, therefore, from the evidence and proofs in this case, that the claim of M. T. Barrows against the estate of the said Jefferson County Sumatra Tobacco Company, bankrupt, is a just claim for $11,664.44, and is hereby allowed as a common claim to the executors of said M. T. Barrows, deceased; that the claim of D. H. Gilbert is again allowed herein for the sum of $1,158.67, as a common claim; that the claim of Geo. C. Bishop is again allowed for the sum of $463.46 as a common claim; and, further, I find that each and all of said claims are for money advanced to said Jefferson County Sumatra Tobacco Company, bankrupt, herein, as a loan of said money by each, respectively, to the said Tobacco Company, to be returned with interest at 8 per cent. per annum, which interest is computed in the said amounts above set forth; and I further find that said claims, proven and allowed as aforesaid, should be paid pro rata out of the assets of said bankrupt estate."

The appellant insists that the money advanced by Barrows, Gilbert, and Bishop was not a loan of money to be repaid by the bankrupt company, but that it was merely a voluntary assessment upon the stock held by them for the purpose of relieving the company of financial embarrassment.

Although the testimony taken by the master was conflicting, there was positive and direct evidence to the fact that the money advanced by Barrows and others was a loan made to the bankrupt, to be repaid with interest. In these circumstances, the general rule is that the findings of fact, dependent upon conflicting testimony, by a judge, master, or referee, who sees and hears the witnesses testify, have every reasonable presumption in their favor, and should not be set aside or modified, unless it clearly appears that there was error or mistake on his part. Southern Pine Co. v. Savannah Trust Co., 141 Fed. 805, 73

---

C. C. A. 60, citing numerous authorities. We see no reason for departing from this salutary rule in the present case.

The order of the trial court should be, and it is hereby, affirmed.

PARDEE, Circuit Judge (dissenting). Southern Pine Lumber Company of Georgia v. Savannah Trust Co., 141 F. 805, 73 C. C. A. 60, to the effect that where findings of fact, dependent upon conflicting testimony, by a judge, master, or a referee, who sees and hears the witnesses testify, have every reason and presumption in their favor, is not applicable in this case, where the master's findings, followed by the court, are not as to actual facts developed by the evidence, but are the legal conclusions of the master, deduced mainly from undisputed facts and documentary evidence.

As I read the record, on the undisputed facts and the written evidence, the contributions to be made by the stockholders to the corporation were voluntary assessments, and were so understood at the time. The understanding at the time that they were to be voluntary assessments was so stressed and used by the principal respondent and his agent as to freeze out small stockholders, who were either not inclined or not able to pay.a voluntary assessment. It is a fair inference in this case that the claim that the advances were loans to the corporation was an afterthought, first asserted when some time subsequent—nearly two years—the corporation was threatened with bankruptcy.

So far as the books of the corporation show, the advances were treated as assessments, and there is no record of any loan authorized by the directors.